UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

CARLOS JOSE JAUREGUI MORA,

    Petitioner,

v.

KRISTI NOEM, et al.,

    Respondents.

No. 1:25-CV-284-H

## ORDER

    In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit held that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. ___ F.4th ___, Nos. 25-20496 & 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Carlos Jose Jauregui Mora, a native and citizen of Venezuela, is one such alien, having illegally entered the United States four years ago. His habeas petition, filed before the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond hearing based on the text of the INA and the Fifth Amendment's Due Process Clause. Dkt. No. 1.

    In light of *Buenrostro-Mendez*, only Jauregui Mora's due process claim remains. But due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Jauregui Mora are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned. Therefore, the petition (Dkt. No. 1) is denied.

1.        **Background**

In 2021, Jauregui Mora, a native and citizen of Venezuela, illegally crossed into the United States near Yuma, Arizona. Dkt. No. 9 at 4. Last fall, ICE detained Jauregui Mora without bond and placed him into removal proceedings. *Id.* The Notice to Appear charged Jauregui Mora as an alien present in the United States without "possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [INA]." *Id.*; *see* 8 U.S.C. § 1182(a)(7)(A)(i)(I).[1]

Jauregui Mora is held without bond and has neither requested nor received a bond hearing. Dkt. No. 1 ¶ 6. That is because the BIA's recent opinion in *Yajure Hurtado* holds that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. 29 I. & N. Dec. at 220.

Instead, Jauregui Mora filed a petition for a writ of habeas corpus. Dkt. No. 1.[2] The petition states two claims for relief. First, Jauregui Mora alleges that his detention without bond violates the INA. *Id.* ¶¶ 9–10. He argues that Section 1225(b)(2)(A) does not apply to

---

[1] Venezuelan nationals in the United States were previously permitted to remain with Temporary Protective Status. The Northern District of California enjoined the Trump Administration's termination of TPS status for Venezuelan nationals, but the Supreme Court subsequently stayed the injunction. *Noem v. Nat'l TPS All.*, 606 U.S. ___, 146 S. Ct. 23 (2025). In January 2026, the Ninth Circuit affirmed the Northern District's decision. *See* ___ F.4th ___, 2026 WL 226573 (9th Cir. Jan. 28, 2026). But because the Supreme Court's stay remains in place until the "disposition of a petition for a writ of certiorari, if such writ is timely sought," the stay remains in place. 146 S. Ct. at 24.

[2] On February 18, 2026, the Central District of California purported to vacate *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, ___ F. Supp. 3d ___, No. 5:25-CV-1873, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026). But as the Court explained in *Calderon Lopez v. Lyons*, the Central District lacks authority to enter such relief. ___ F. Supp. 3d ___, No. 1:25-CV-226, 2025 WL 3683918, at *10–14 (N.D. Tex. Dec. 19, 2025). *Yajure Hurtado* binds immigration judges, meaning it would be "an exercise in futility" to seek a bond hearing. *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000). Thus, Jauregui Mora's petition does not present an exhaustion problem. *Id.* And to the extent Jauregui Mora seeks relief based on *Maldonado Bautista* (see Dkt. No. 2 at 2), the Court denies his claim.

aliens who, like him, previously entered the United States illegally and have been living in the country prior to being apprehended and placed in removal proceedings. *Id.* ¶ 8. In Jauregui Mora's view, the proper statutory authority for his detention is Section 1226(a), which permits IJs to release aliens on bond while their removal is pending. *Id.* Besides his statutory claim, Jauregui Mora also contends that his detention without bond violates his due process rights. *See id.* ¶¶ 35–46.[3]

The Court ordered the respondents to show cause why Jauregui Mora's petition should not be granted. Dkt. No. 4; *see* 28 U.S.C. § 2243. The respondents timely answered (Dkt. Nos. 8; 9), and Jauregui Mora replied (Dkt. No. 10). Currently, Jauregui Mora is detained at the Bluebonnet Detention Center. Dkt. No. 1 ¶ 1.

While litigation was underway in this case, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225. *See* 2026 WL 323330, at *1. The Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). The Fifth Circuit found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants

---

[3] Only Jauregui Mora's due process claim appears under the "Causes of Action" header near the end of his petition. *Id.* at 8. However, the introduction of his petition identifies the statutory framework of the INA, asserts that his detention violates the INA, and "[a]ccordingly" seeks habeas relief. *Id.* ¶ 10. He also develops the claim in his reply brief. *See* Dkt. No. 10 at 1–3. Moreover, although Jauregui Mora identifies his claim as one for "[s]ubstantive" due process, Dkt. No. 1 ¶ 37, his demand for a bond hearing sounds in procedural protections, *id.* ¶ 46.

for admission fall within Section 1225(b)(2)(A)'s grasp. *Buenrostro-Mendez*, 2026 WL 323330, at *4 (quoting *Garibay-Robledo v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-177, 2026 WL 81679, at *5 (N.D. Tex. Jan. 9, 2026)).

## 2. Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## 3. Analysis

Jauregui Mora raises two claims in his habeas petition—one involving Sections 1225 and 1226 of the INA, and another based on the Fifth Amendment's Due Process Clause. Dkt. No. 1 ¶¶ 3–10, 30–46. As explained below, *Buenrostro-Mendez* forecloses Petitioner's statutory claim. Thus, the only claim left for consideration is Jauregui's due process claim. The Court has considered whether the Due Process Clause entitles illegal aliens to

individualized bond hearings in numerous prior cases.[4] Even so, the Court considers the arguments raised in Petitioner's briefing to address whether bond-less detention of aliens present in the United States violates the Constitution. The answer is no.

### A. *Buenrostro-Mendez* forecloses Jauregui Mora's INA claim.

Jauregui Mora is an "applicant for admission" within the meaning of Section 1225(a)(1). He is an "alien." He is "present in the United States." And he "has not been admitted" because he did not "lawful[ly] ent[er] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A) (defining "admission" and "admitted"). As an applicant for admission, binding Fifth Circuit precedent requires that he be detained without bond under Section 1225(b)(2)(A). *See Buenrostro-Mendez*, 2026 WL 323330, at *1. Thus, Jauregui Mora's INA claim fails.[5]

### B. The Due Process Clause does not require the government to give Jauregui Mora a bond hearing.

Next is Jauregui Mora's claim that the government's refusal to provide a bond hearing violates the Due Process Clause of the Fifth Amendment. Dkt. No. 1 ¶¶ 35–46. Jauregui Mora argues that he has a fundamental interest in liberty and being free from official restraint, and that his detention without a bond redetermination hearing to determine whether he is a flight risk or danger to others violates his right to due process. *See*

---

[4] *Higareda-Cano v. Noem*, No. 1:25-CV-225, Dkt. No. 13 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo*, 2026 WL 81679; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, ___ F. Supp. 3d ___, No. 1:25-CV-221, 2025 WL 3755126 (N.D. Tex. Dec. 29, 2025).

[5] Even if this Court were not bound by *Buenrostro-Mendez*, it would have reached the same result for the reasons discussed in its numerous prior decisions on this issue. *Supra*, n.4.

*id.* He styles his claim as one of substantive due process, but his demand for a bond hearing sounds in a demand for procedure. Either way, he is not entitled to relief.

Start with substantive due process. That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). While still recognizing due-process rights for aliens present in the United States, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Muñoz*, 602 U.S. at 911–12. To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention. In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings. In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings." 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process." *Id.* Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528. It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings."

*Id.* at 526. Against that backdrop, the notion that substantive due process requires a bond hearing is untenable.[6]

A procedural due process claim fares no better. In his previously denied TRO motion, Jauregui Mora sought relief relying on the three-factor balancing test from *Mathews v. Eldridge*, 424 U.S. 319. *See* Dkt. No. 2 at 3. The *Mathews* test, while common, is not the only tool for resolving procedural due process challenges. The Supreme Court said as much: "[W]e have never viewed *Mathews* as announcing an all-embracing test for deciding due process claims." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002). In fact, the "Supreme Court when confronted with constitutional challenges to immigration detention has not resolved them through express application of *Mathews*." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

The application of *Mathews* to Section 1226 cases is "unwarranted on the test's own terms." *Ladak v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-194, 2025 WL 3764016, at *7 (N.D. Tex. Dec. 30, 2025). The Supreme Court applied *Mathews* in *Landon v. Plasencia*, emphasizing that its balancing test was appropriate for "long-time lawful permanent resident[s]" in contrast to "detentions of aliens at the border or returning lawful permanent residents who had spent time abroad." *Id.* (citing 459 U.S. 21, 32–34 (1982)). Aliens in the former category have "gain[ed] admission to our country and [have begun] to develop the ties that go with permanent residence," meriting a level of due process more analogous to that of a citizen. *Landon*, 459 U.S. at 32. In the latter category, aliens "request[] a privilege

---

[6] Jauregui Mora relies on a number of Supreme Court and circuit court decisions addressing whether certain aliens have a substantive liberty interest. *See* Dkt. No. 1 ¶¶ 38–45. But even taking into account Jauregui Mora's limited liberty interest, his claim necessarily falters for the reasons articulated above.

and [have] no constitutional rights." *Id.*; *DHS v. Thuraissigiam*, 591 U.S. 103, 138–39 (2020) ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.") (quotation omitted).  Critically, aliens who are released into the United States pending removal are "treated for due process purposes as if stopped at the border." *Thuraissigiam*, 591 U.S. at 139.

As an "applicant for admission," Jauregui Mora has "only those rights regarding admission that Congress has provided by statute." *Thuraissigiam*, 591 U.S. at 140; *Landon*, 459 U.S. at 32.  With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission.  "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings*, 583 U.S. at 297.  No part of the statute "says anything whatsoever about bond hearings." *Id.*  Accordingly, Jauregui is not entitled to a bond hearing as a matter of procedural due process.

**4.     Conclusion**

In short, Jauregui Mora, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A).  Nothing about the INA or the Due Process Clause requires a contrary conclusion.  Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

So ordered on February 27, 2026.

                                                           JAMES WESLEY HENDRIX
                                                           UNITED STATES DISTRICT JUDGE